**32**

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**SHENG KAI DONG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 04–1470–ag.

United States Court of Appeals, Second Circuit.

Sept. 11, 2006.

Sheng Kai Dong, Philadelphia, PA, pro se.

John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, VA, for Respondent.

Present: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Sheng Kai Dong, *pro se,* petitions for review of the BIA decision affirming Immigration Judge ("IJ") Patricia Rohan's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews agency findings of fact, including

adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ determined that because Dong gave varying accounts of his claimed fear of future persecution, he was unable to present a credible and coherent claim and therefore failed to establish his eligibility for relief. The IJ correctly noted that Dong's oral testimony that the Chinese authorities were seeking to arrest him for writing false prescriptions was not consistent with his asylum application and the letter from his parents, which stated that Dong was wanted by the authorities for involvement in religious proselytizing activities. Because Dong was unable to resolve the discrepancy between the claims described in his asylum application and hearing testimony, the IJ did not err in determining that these conflicting claims fatally undermined his overall credibility and his ability to establish eligibility for relief. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 398 (2d Cir.2005) ("Where, as here, immigration officials have been presented with two 'materially different' asylum claims, it is entirely appropriate for a factfinder to rely on this evidence as a basis for determining whether a petitioner was actually persecuted in the manner asserted or is instead merely reciting an account fabricated for the purposes of obtaining entry into the United States."). The IJ reasonably concluded that Dong's hearing testimony indicated that he was sought by Chinese authorities not for his Buddhist religious practices, but rather, for writing false prescriptions for an unauthorized herbal medicine, and that arrest for such activity did not amount to persecution on account of a protected ground. *See Matter of S–P–*, 21 I. & N. Dec. 486, 493, 1996 WL 422990 (BIA 1996).

The IJ's determination that Dong failed to establish a well-founded fear of future persecution on account of a protected ground is substantially supported by the record as a whole; her denial of asylum and withholding of removal was thus appropriate. Because Dong did not present any objective evidence indicating that he would likely be tortured upon return to China, denial of CAT relief was also proper.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).